# UNITED STATES DISTRICT COURTHOUSE
# FOR THE MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

**Robert R. Prunty, et al., Pro Se' &**
**(& Others Similarly Situated)**
**427 West Hickory Street**
**Arcadia, Florida 34266**
**Email: mrmodady@dcemail.com**
**Phone: (863)991-5195**

2:17-CV-506-FtM-99CM

JUDGE(S):

CASE NUMBER:

**PLAINTIFF(S)**

**Vs.**

**Arnold & Itkin, LLP, et al. % Mr. Jason Itkin &**
**Mr. Kurt Arnold, Attorneys at Law**
**6009 Memorial Dr**
**Houston, Texas, TX 77007-**
**(713) 222-3800 &**
**The Meyer Blair Law Firm,**
**LLP, et al., % Attorneys Jeffrey**
**Meyer &Avram Blair, 6363**
**Woodway Drive,**
**Suite 705, Houston, Texas 77057;**
**(800) 610-2197 & Morgan & Morgan, LLP,**
**% Mr. John Morgan, 20 North Orange Ave,**
**Suite 1600, Orlando, FL 32801, (888) 715 8190;**
**Sheller, P.C., % Mr. Stephen A. Sheller**
**1528 Walnut St, Philadelphia, PA 19102**
**215-790-7300; Kline & Specter, % Mr.**
**Shanin Specter & Mr. Tom Kline LLP,**
**1525 Locust Street, Philadelphia, Pa. 19102,**
**215-772-1000**

**DEFENDANT(S)**

**FEDERAL QUESTION**

**ARISING UNDER FEDERAL LAW**

**INFRINGEMENT OF RIGHT TO CONTRACT**
**PEONAGE**

**STRICT SCRUTINY INVOKED**

**THREE-JUDGE PANEL**

**CLASS ACTION LAWSUIT**

**BADGES & INCIDENTS OF CHATTEL SLAVERY**

2017 SEP -6  AM 10: 49
CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA
FILED

**A CIVIL COMPLAINT ARISING UNDER THE 13TH CONSTITUTIONAL AMENDMENT, SECTION(S) ONE & TWO—& PEONAGE— DUE TO THE FUNDAMENTAL RIGHT TO BE FREE FROM INFRINGEMENT OF RIGHT TO CONTRACT; THE RIGHT TO BE FREE FROM INVOLUNTARY SERVITUDE , RIGHT TO MANGE CARE AND UPBRINGING OF MINOR CHILDREN & THE RIGHT TO SUE AS WELL AS 42 U.S.C. 1985(2)&(3); INTENTIONAL CONSPIRACY TO VIOLATE THE 13TH AMENDMENT; CONSTRUCTIVE FRAUD; BREACH OF FIDUCIARY DUTIES & INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**PARTIES TO THIS ACTION &**

**INTERPOLATED STATEMENT OF THE CASE, FOR PURPOSES OF**

**FACTUAL PLAUSIBILITY**

1.) _**Plaintiff, Robert R. Prunty**_, is an African American resident of Desoto County, Florida and a parent of (5) five children who fall within the Autistic Spectrum.  In late 2013, Mr. Prunty saw a television commercial produced by Morgan & Morgan Attorneys, speaking about persons who have been exposed to Risperdal and the strong possibility of a Class Action Lawsuit to recover for the lifelong damages caused by this drug, along with evidence of them being a seemingly highly successful law firm ready to sue drug makers for their obvious wrongs.

2.) Mr. Prunty its also a member of an identifiable Class of African American Persons intentionally targeted by the acts of the defendants, although not all persons that make up this class are African American——but all members are indeed identifiable by the fact that they have been wrongfully proscribed Risperdal with no legal recourse, and unlawfully held involuntarily against their will for long periods of time, and or until the statutes of limitations expires. _**(See: Exhibit(s) C, D & E)**_.

3.) Plaintiff, Mr. Prunty has a Constitutional Right to be free from any such <u>"Incidents of Chattel Slavery"</u> such as being held in involuntary servitude status and to fairly contract and to sue for redress of wrongs done.

4.) Although Plaintiff is a member of a race where circumstances of such an invidious and class based animus as herein alleged are traditionally intentional and targeted towards this Negroid Race, under a Strict Scrutiny, and especially where local laws and law enforcement efforts could not provide Equal Protection under the law for the members of the entire Class herein mentioned, under the 14th Amendment, and where there is still a very distinct class of persons who have experienced the same conduct as that herein alleged, legally, with the support of the Internet, to reach literally thousands of persons critically destroyed by Risperdal drug maker/dealer antics, and who are not solely African American. Such a class of proposed class members consists of the following persons:

——e.g. *"United States born African American parent/persons proscribed Risperdal with no informed consent——and so-called other Potential Risperdal Plaintiff's and or any other Race of Parents of disabled children who were forced to make contracts with Meyer Blair or Arnold & Itkin, only to be intentionally ignored for years, forcing statutes of limitations to expire, while still being sought after and ultimately held contractually as Potential Risperdal Plaintiff's, with no recourse or way to escape the Attorneys, while Attorneys claim they are still Plaintiff's Attorneys, regardless of the case outcomes....*

5.) <u>***Defendant, Morgan & Morgan,***</u> Attorneys at Law, is a Florida Corporation owned and operated by Mr. John Morgan, and such firm employs over 100 lawyers. Mr. Morgan allegedly produces Nation and Worldwide <u>shock value type videos</u> and <u>sensational internet content</u> via a website known as "<u>classaction.com</u>", and there pretends to be an expert on Risperdal lawsuits and even a possible litigator of such actions, <u>all of which are false,</u> by subsequently and surreptitiously

claiming his firm is merely "investigating" potential Risperdal claims, while at the same time collecting massive "Potential Risperdal Plaintiff's", to dispose of at will.

6.) Therefore, Morgan & Morgan's duty and focus in this conspiracy was to merely "collect potential plaintiffs", systematically reject them shortly thereafter, while ultimately referring these now so-called "live plaintiff's" to the law firms of *Meyer Blair/Arnold & Itkin,* who operate similar websites to further *"collect potential plaintiff's".*

7.) Morgan & Morgan even boasts at one point that *"20,000 persons are now suing about Risperdal",* when this statement was false and while full knowing this number was based upon the potential plaintiff's already and merely "collected" by the powerfully conspiratorial internet alliance team previously arranged by Stine & Specter , Arnold & Itkin and the Sheller Law Firm, P.C.. *(See: Exhibit(s) B, B-1 & B-3).*

8.) Defendant, Morgan & Morgan thereby, yet still surreptitiously, referred Mr. Prunty to the law firm of *Meyer Blair* who instantly called Plaintiff Prunty by phone with the Contract Offer and the subsequent and near-immediate referral of the case to the law firm of *Arnold & Itkin,* who immediately offered to represent a confused Mr. Prunty and his damaged child at trial concerning the permanent damages caused by Risperdal.——

*(See: Legal Contract Retaining Arnold & Itkin and Meyer Blair as Attorneys to represent lawsuit against the drug makers——Exhibit A—as well as Arnold & Itkin claims that an aggregate settlement was about to occur in the case and that there was no danger of statute of limitations problems, using such deceptive statements in lulling Plaintiff into a state of complacency with no desire to*

*question the attorneys plans, as Plaintiff continued to allow Arnold & Itkin to
represent Prunty's interests in the matter——Exhibit B , B-1 & B-2).*

9.) Within (3) three months of the "bogus investigation" by **Morgan & Morgan,**
suddenly Mr. Prunty was informed by them that they would no longer be
representing the interests concerning Risperdal, but that there was still a possible
cause of action against the drug makers.

10.) Simultaneously, Meyer Blair and Arnold & Itkin were luring Plaintiff into
signing the contract at issue.  After the <u>Legal Employment Contract</u> was actually
signed, the firms of Meyer Blair and Arnold & Itkin made no effort to speak to or
otherwise contact Plaintiff for another (3+) three years, effectively "annihilating"
any action Plaintiff may have had against the purportedly rogue drug dealers/
makers. *(See: Exhibit A & B).*

11.) To date, the law firm of Morgan & Morgan has <u>never</u> actually litigated or filed
a claim against <u>any</u> drug makers concerning Risperdal. Morgan & Morgan merely
*"collects potential plaintiff's"* and then passes them on to the likes of Meyer Blair/
Arnold & Itkin.

12.)  On the Morgan & Morgan websites, the firm deceptively acts as the Main
Trial lawyers——but at the end, and upon closer inspection, appears to be a mere
"concerned reporter" of the current state of the legal issues concerning Risperdal,
on the one hand, while having viewers believe Morgan & Morgan actually might
litigate a Risperdal case——. *(See: Morgan & Morgan's deceptive advertising,
Exhibit(s) C, D & E).*

13.) ***Defendant, Meyer Blair***, is owned and operated by attorneys Avram Blair and Jeffrey Meyer.  Meyer Blair is a Texas Law Corporation which also creates internet videos and advertisements that allegedly appear to be deceptive and misleading. Morgan & Morgan selected this firm prior to that firm exiting from Prunty Risperdal interests.  Meyer Blair also deceptively claims on their website to represent over 1000 other persons who fall within the Risperdal parameters that would justify lawsuits. ***(See: Exhibit K)***.

14.) It is Plaintiff's understanding that to date, the Meyer Blair Law Firm has also <u>never</u> filed or litigated <u>any</u> "Risperdal lawsuits".  Furthermore, the Meyer Blair firm only spoke to Plaintiff by phone, on (1) one occasion. ***(See: Meyer Blair's allegedly Deceptive Video and Extensive Internet Advertisements, Exhibit(s) F, G & H)***.

15.) ***Defendant, Arnold & Itkin,*** is also a Texas Corporation which advertises on the internet about the several successes it has had in litigation against drug makers regarding the drug Risperdal. ***(See: Exhibit I)***.  Arnold & Itkin also boasts of representing at least (8,000) Eight-Thousand other persons falling within the peculiar predicament that Risperdal places them in. ***(See: Exhibit J)***.

16.) Defendants <u>Arnold & Itkin</u> and <u>Meyer Blair,</u> after seducing Plaintiff into signing the contract of legal employment in 2013, intentionally waited nearly (4) four years (2017), before finally and ultimately rejecting Plaintiff's entire claim, explaining by letter that the case was virtually over, without a lawsuit <u>ever</u> being filed, contrary to contractual provisions, and effectively using it's undue influence and hold over Plaintiff by literally **forcing** the Statute of Limitations for filing such actions to expire, thereby intentionally diluting and totally eradicating Plaintiff's

right to <u>contract</u> and to <u>sue</u>, to the detriment of Plaintiff's Fundamental Constitutional Rights. *(See: Exhibit K).*

17. ***Defendant, The Sheller, PC Law Firm***, is a Pennsylvania Law Corporation doing business over the internet to "collect potential Risperdal Plaintiff's". Sheller allegedly turned it's own (8,000) eight-thousand potential Risperdal plaintiff's over to the law firm of Arnold & Itkin in 2015, after the legal partnership/alliance created by the law firm of Stone & Specter. *(See: Sheller P.C. Law Firm's Risperdal Internet campaign, Exhibit L).*

18.) Although The Sheller, P.C. Law firm can boast of several victories against the drug maker of Risperdal, a minimum of over (8,000) eight-thousand other cases have been effectively yet unlawfully dismissed and Constitutional Rights destroyed, due to the sinister alliance between Sheller/Arnold & Itkin and Meyer Blair, which merely "collects plaintiff's", merely to destroy their rights and meritorious cases. *(See: Exhibit L——Sheller/Stine Specter teams with Arnold & Itkin in 2015, after collecting thousands of Risperdal potential plaintiff's).*

19.) The Sheller/Stine Specter Law Firm has only litigated (5) five Risperdal cases, yet, on an apparent "open-academy type basis", it <u>constantly</u> seeks "Potential Risperdal Plaintiff's" for allegedly improper purposes. *(See: Exhibit M & N).*

20.) ***Defendant, Stine & Specter, LLP***, is a Professional Law Corporation doing business in the State of Pennsylvania but using the Internet to constantly "collect potential Risperdal Plaintiff's". Stine & Specter also holds themselves out to be truly expert on the Risperdal litigation, when in reality they have litigated less than (6) six Risperdal cases, while aggressively merely "collecting as many potential

Risperdal Plaintiff's as they can find". *(See: Exhibit(s) N & O)*.  Stine & Specter allegedly created the contractual alliance between law firms to target such "Potential Risperdal Plaintiff's". *(See: Exhibit L)*.

## BASIS FOR JURISDICTION

21.) This Honorable Court has Jurisdiction over this action pursuant to *Article III* and the *13th Amendment* to the *United States Constitution, Section(s) One & Two*, due to United States Citizen persons still being subjected to "Badges & Incidents of Chattel Slavery", as well as the *28 U.S.C. 1331, 28 U.S.C. 1343, 28 U.S.C. 1391 & the 28 U.S.C. 2284* mandate for a (3) Three-Judge panel to decide such Constitutional and Federal Questions.

22.) Jurisdiction is also proper under *Section 16 of the Indian Contract Act of 1872 42 U.S.C. 1988 & 28 U.S.C. 1651*.  This Court also has *"Extra-Territorial Jurisdiction"* pursuant to *18 U.S.C. 1581, 1583, 1584, 1589, 1590, 1591, 1594 & 1595 & Fed. R. of Civ. P. Rule 23(a)*.

23.) Because (4) four of the defendants are not domiciled in the State of Florida, Jurisdiction is also based upon *Florida's Long Arm Statute 48.193,* since Arnold & Itkin, The Sheller, PC, Law Firm, Stine & Specter and the Meyer Blair law firms are also allegedly:

*a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.*
*(b) Committing a tortious act within this state.*
*(f) Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:The defendant was engaged in solicitation or service activities within this*

*state; or —2. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.*

****The out of state defendants also operate websites that contain materials directed at citizens of Florida as well as constituting the complained of unlawful activities that are the subject of this action….***

24.) Venue is proper in this Middle District of Florida Courthouse, since the Middle District of Florida is the location where the alleged wrongdoing occurred and where the Internet blasts targeted and effected Citizens of the State of Florida on an everyday basis, as defendants continue to "collect" potential plaintiffs Nationwide and Worldwide.

## STATEMENT OF CLAIM(S)

## COUNT ONE

## AGAINST ARNOLD & ITKIN, MEYER BLAIR & MORGAN & MORGAN —SHELLER P.C AND STINE & SPECTER—CONSPIRACY TO VIOLATE THE 13TH AMENDMENT, INVOLUNTARY SERVITUDE—SECTION(S) ONE & TWO

*Section 1.—"Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. amend. XIII, § 1.*

*Section 2.— Congress shall have power to enforce this article by appropriate legislation.*

25.) Against the law firms of Arnold & Itkin, Meyer Blair & Morgan & Morgan— Plaintiff(s) allege and incorporates by reference, paragraphs 1 through 24, and further states:

26.) In or about September or October of 2013, Plaintiff viewed a TV commercial created by the Law Firm of Morgan & Morgan, and called them the following morning. The Attorney at the firm seemed helpful and optimistic, and asked for medical records and other documents relevant to understanding the problems I was having with my son.

27.) A conspiracy exists and was initially created legally by the firm of Stine & Specter, between Arnold & Itkin and the Sheller, P.C. Law firm, for the purposes of destroying the rights of <u>thousands</u> of Potential Risperdal Plaintiff's, directly and indirectly, through the scheme or tactic of forcing Statutes of Limitations to expire.

28.) Each named defendant performed multiple acts in support of said conspiracy by constantly *"Collecting Risperdal Plaintiff's"* by way of Internet Advertising methods, and such efforts have already injured Plaintiff in his person and property and also deprived Plaintiff of the Right to Control the upbringing of his children, as well as the Right to be free from "Incidents of Involuntary Servitude".

29.) Therefore, after stringing Plaintiff along for several weeks, suddenly Morgan & Morgan decided they would not be involved in the case, and apparently had another firm contact Plaintiff, by the name of "Meyer Blair". The Attorney at Meyer Blair declared: "Are you looking for representation to help your Son"? I replied yes, and the Meyer Blair firm immediately sent me a contract where there was an immediate debt of representation describing a debt of at least 40% of any recovery had by a successful lawsuit. *(See: Exhibit A).*

30.) In desperation, duress and confusion, but definitely not "perfect freedom", Plaintiff signed this agreement. *(See: Exhibit A).*  Plaintiff never selected this firm and never had a chance to even consider this firm or any other, after being literally "captured" by the Morgan & Morgan TV ads.

31.) Then, after signing the contract with the firms of Arnold & Itkin and Meyer Blair, Plaintiff then waited full (3) three years before hearing from Arnold & Itkin again——and when they did——it was only a ploy asking for photos and doctor reports. Plaintiff complied. *(See: Exhibit B).*

32.) On January 2016, Plaintiff voiced his concerns to Arnold & Itkin concerning the scope of representation, and the long wait with no results or money, yet such letters went unanswered. *(See: Exhibit B-4).*

33.) Despite Plaintiff's complaints about the delays and the shoddy representation, Arnold & Itkin sent another letter to Plaintiff approximately (3) three months later, claiming the case was about to be settled in what was termed an "Aggregated Settlement"——whereas all Plaintiff's would receive a sum based upon the severity of their damages. *(See: Exhibit B-1).*

34.) Approximately (8) eight months later, the "Aggregated Settlement" issue disappeared and now Arnold and Itkin were informing Plaintiff that no lawsuit would ever be filed in this case, even though the employment contract said it would be filed.  Arnold & Itkin claimed that if a lawsuit is not filed by February 17, 2017, Plaintiff's claims would be forever barred.

35.) After nearly (4) four years, Arnold & Itkin still claimed they did not have enough information to file a complaint in the action, and that they would not be filing.  However, the claimed they are srtill the lawyers of the case, and that Plaintiff has no recourse except to accept all that was said regarding the case by Arnold & Itkin as if Plaintiff had no say so whatsoever, like a mere peon at law.

36.) Plaintiff thought the contract was legitimate since there was attached a 40% debt to Arnold & Itkin should they prevail in the action.  This debt is what caused Arnold & Itkin to hold Plaintiff under their wings or thumbs until the Statutes of Limitations had expired, which was the long time goal of Arnold & Itkin, who didn't begin to speak to Plaintiff Prunty until over (3) three years after the contract was signed.

37.) The employment contract between Arnold & Itkin and Meyer Blair with this Plaintiff was made under the laws of the State of Texas, and as such, Texas Law applies.  Therefore, Arnold & Itkin and Meyer Blair were all aware that the Statutes of Limitations for Product Liability and Medical malpractice is (2) two years.

38.).Therefore, when Arnold & Itkin finally did decide to contact Plaintiff about it's case, under Texas Law, the Statute of Limitations had long ago expired, and Plaintiff was merely still being held by Arnold & Itkin, in "Involuntary Servitude" to the whims and objectives of the Masters, Arnold & Itkin.

39.) Thus, Plaintiff did not enter into said "Contractual Agreement" with Arnold & Itkin and Meyer Blair in "Perfect Freedom", but instead, by the overarching powers of the Law Firms of Arnold & Itkin and Meyer Blair which ruled over all

decisions attempted to be made by Plaintiff. There was no compensation and no bona fide consideration of such contract, since Arnold & Itkin didn't even contact Plaintiff until _after_ the Statute of Limitations for such claims had expired, as a matter of fact and law.

40.) Finally, Arnold & Itkin used further legal force upon Plaintiff when it declared they were still going to be attorneys of record, regardless of outcomes, and that if _Plaintiff_ didn't file suit before February 2017, or indicate that it still wanted to, the case would be lost, while full knowing the Statute of Limitations had _already_ expired. ****Arnold & Itkin also informed Plaintiff it had no intentions of filing suit, no matter what Plaintiff decided).

41.) Furthermore, Arnold & Itkin also used the force of legal coercion and manipulation upon Plaintiff when it declared that an "Aggregate Settlement was imminent", to discourage Plaintiff from leaving the Contract, while full knowing such a claim was meant only to keep and hold Plaintiff to the objectives of Arnold & Itkin, which was obviously to "destroy statutes of limitations" against Potential Risperdal Plaintiff's.

42.) These tactics were employed to illustrate to Plaintiff the consequences for attempting to seek other counsel or quit before the statutes of limitations were fully expired. The Thirteenth Amendment protects citizens against degrading and slave-like domination regardless of how that condition is brought about, and the coercion of Arnold & Itkin, Meyer Blair and Morgan & Morgan are no exception.

43.) Because this action involves children who are already permanently damaged by dangerous drugs——the subsequent actions of Morgan & Morgan, Arnold &

Itkin and Meyer Blair has only exacerbated such damages and can be equated with gross child abuse, <u>which is yet another condition akin to Chattel Slavery.</u>

44.) Plaintiff claims damages under the 13th Amendments commands against "Involuntary Servitude" and "Incidents of chattel Slavery", under Peonage Statutes to be described in Count Two of this action.

## COUNT TWO—PEONAGE AND CONSPIRACY TO VIOLATE THE 13TH AMENDMENT BY TARGETING AND HOLDING CERTAIN CLASSES OF PROTECTED PERSONS AGAINST THEIR WILL— AGAINST ARNOLD & ITKIN, MEYER BLAIR

45.) Against the law firms of Arnold & Itkin, Meyer Blair & Morgan & Morgan, Plaintiff re-alleges and incorporates by reference, paragraphs 1 through 44, the following allegations:

46.) *Section 1581 of Title 18* makes it unlawful to hold a person in "debt servitude," or peonage, which is closely related to involuntary servitude. *Section 1581* prohibits using force, the threat of force, or the threat of legal coercion to compel a person to work against his/her will. In addition, the victim's involuntary servitude must be tied to the payment of a debt.

47.) However, Morgan & Morgan initially took action against Plaintiff by claiming to be "investigating" the Risperdal matter, as a form of legal coercion.  Soon thereafter, Morgan & Morgan surreptitiously turned Plaintiff over to Meyer Blair/Arnold & Itkin, who continued the legal coercion by boosting Plaintiff's confidence, claiming settlement was imminent, and who suddenly produced a contract under plaintiff's duress seemingly designed to help Plaintiff's ailing and damaged son. *(See: Exhibit A).*

48.) Arnold & Itkin used the same type of legal coercion when it decided to totally ignore Plaintiff and his son for over (3) three years, to intentionally cripple Plaintiffs legal rights. Arnold & Itkins antics and legal coercion strategies effectively "coerced" even the Court, to <u>legally</u> also "Ignore Potential Risperdal Paintiff's.

49.) Therefore, the legal coercion tactics employed by Morgan & Morgan and Arnold & Itkin caused Plaintiff and his victimized family to reasonably believe that they had no way to avoid continued service, (or need to)——since Plaintiff and his family were constantly confronted by the existence of a superior and overpowering authority of mighty Attorneys, who are constantly condescending and threatening to the extent that Plaintiff's will in the matter was completely subjugated.

50.) Title *18, U.S.C., Sec. 1584*, makes it a Federal crime or offense for anyone to <u>willfully hold another person in involuntary servitude.</u> Firstly, Plaintiff was accosted by Morgan & Morgan, who instantly supplied Plaintiff with the Firms of Arnold & Itkin and Meyer Blair, who created a contract designed to be used for a term as long as the Statute of Limitations had not expired, which was a minimum of (2) two years. The lawyers intentionally failed to speak to Plaintiff for a minimum of (3) three years, effectively destroying Plaintiff's rights under the Constitution.

51.) The firm of Arnold & Itkin acted knowingly and willingly, even going so far as to claim settlement was imminent when Plaintiff tried to escape the unconscionable grip held over it by the contract. *(See: Exhibit B-1).*

52.) Thus, the Involuntary Servitude was forced upon Plaintiff and perpetuated by Arnold & Itkin, in order to satisfy the real and imagined debt of Plaintiff to the Attorneys for 40% of any recovery, whereas the Attorneys went out of their way to still state that

whatever the outcome, they would  <u>still</u> be the attorneys to try to somehow <u>still</u> "Work off the unconscionable debt incurred by Plaintiff"——even all attorneys knew or should have known, that the Statute of Limitations defense had ruled the case out entirely. *(See: Exhibit K).*

53.) It is hereby further alleged that the law firms of Morgan & Morgan, Arnold & Itkin and Meyer Blair, all collectively, with knowledge and aforethought, used legal coercion and duress to compel this Plaintiff to sign an unconscionable contract based upon payment of a trumped up debt to Arnold & Itkin and Meyer Blair, merely to hold Plaintiff in abeyance until the Statutes of Limitations had expired for personal injury or Medical malpractice suits to become non-issues in a court of law.

54). <u>**Involuntary Servitude**</u> — *Section 1584 of Title 18* makes it unlawful to hold a person in a condition of slavery, that is, a condition of compulsory service or labor against his/her will. A Section 1584 conviction requires that the victim be held against his/her will by actual force, threats of force, or <u>threats of legal coercion</u>. *Section 1584* also prohibits compelling a person to work against his/her will by creating a "climate of fear" through the use of force, the threat of force, or <u>the threat of legal coercion.</u>

55.) *18 U.S.C. § 1584* clearly declares:—

*Whoever knowingly and willfully <u>holds to involuntary servitude</u> or sells into any condition of involuntary servitude, any other person for any term, or brings within the United States any person so held, shall be fined under this title or imprisoned not more than 20 years, or both. If death results from the violation of this section, or if the violation includes kidnapping or an attempt to kidnap, aggravated sexual abuse or the attempt to commit aggravated sexual abuse, or an attempt to kill, the defendant shall be fined under this title or imprisoned for any term of years or life, or both.*

56.) *Forced labor*—Plaintiff further alleges that he was literally "forced" to labor for the unlawful interests of the Defendants due to the circumstances surrounding the signing of the initial contract. All the while Plaintiff was thinking that the firm of Morgan & Morgan were the Attorneys destined to represent his case, those attorney's had a plan to install Arnold & Itkin and Meyer Blair, no matter what Plaintiff thought about the Morgan & Morgan proposed representation.

57.) Section 1589 of Title 18, which was passed as part of the TVPA, makes it unlawful to provide or obtain the labor or services of a person through one of three prohibited means. Congress enacted § *1589* in response to the Supreme Court's decision in *United States v. Kozminski, 487 U.S. 931 (1988)*, which interpreted § *1584* to require the use or threatened use of physical or legal coercion. *Section 1589* broadens the definition of the kinds of coercion that might result in forced labor.

**58.) 18 U.S.C. § 1589—Whoever knowingly provides or obtains the labor or services of a person—**

*(1) by threats of serious harm to, or physical restraint against, that person or another person;*

*(2) by means of any scheme, plan, or pattern intended to cause the person to believe that, if the person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint; or*

*(3) by means of the abuse or threatened abuse of law or the legal process, shall be fined under this title or imprisoned not more than 20 years, or both. If death results from the violation of this section, or if the violation includes kidnapping or an attempt to kidnap, aggravated sexual abuse or the attempt to commit aggravated sexual abuse, or an attempt to kill, the defendant shall be fined under this title or imprisoned for any term of years or life, or both.*

59.) It is further alleged that the Law firms of Morgan & Morgan, Arnold & Itkin Stine & Specter, Sheller, P.C. and Meyer Blair, are also implicated in violations of 18 U.S.C. 1590, for their <u>massive efforts</u> at <u>recruitment</u> of "<u>Potential Resperdal Plaintiff's</u>" on a massive scale, and such "recruitment" efforts also violate the Statute. *(See: The Morgan & Morgan, Meyer Blair and Arnold & Itkin websites, Exhibits B-3, C, D, E, F, G, H, I & M).*— And below:

*18 U.S.C. § 1590—Whoever knowingly <u>recruits</u>, harbors, transports, provides, or obtains by any means, any person for labor or services in violation of this chapter shall be fined under this title or imprisoned not more than 20 years, or both. If death results from the violation of this section, or if the violation includes kidnapping or an attempt to kidnap, aggravated sexual abuse, or the attempt to commit aggravated sexual abuse, or an attempt to kill, the defendant shall be fined under this title or imprisoned for any term of years or life, or both.*

60.) As a victim of the above complained of actions, along with the myriad similarly situated others, Plaintiff further alleges that the defendants are further implicated under the powers of the route to address such actions, pursuant to the actions of defendants, therefore, this civil action is further justified by *18 U.S.C. 1595.*

61.) Plaintiff hereby claims damages under the aforementioned Peonage statutes, as well as the Civil redress mechanisms of *18 U.S.C. 1595.*

## COUNT THREE AGAINST: ALL DEFENDANTS, MORGAN & MORGAN, ARNOLD & ITKIN, MEYER BLAIR, SHELLER PC & STINE & SPECTER PURSUANT TO 42 U.S.C. 1985(2)&(3) CONSPIRACY STATUTES

62.) Against the law firms of <u>Morgan & Morgan</u>, <u>Arnold & Itkin</u>, <u>Meyer Blair</u>, <u>Sheller, P.C.</u> & <u>Stine and Specter</u>, and incorporates by reference paragraphs 1 through 61, the following:

63.) The above defendants, through the use of Massive Internet Advertising Campaigns holding themselves out to be experts on Risperdal Claims, or deeply involved with investigating Risperdal Claims, have surreptitiously been merely *"Collecting potential Risperdal plaintiff's",* like it's a game or joke of some kind, and even competing against one another for the vast numbers collected by each defendant.

64.) Despite such <u>huge</u> numbers of "***Potential Risperdal Plaintiff's***" collected by the above named defendants, there have been very, very few actual legal actions filed for such "<u>Potential Risperdal Plaintiff's</u>"—— while Morgan & Morgan even intimates that such "Class Action Status" is at issue, with it's brazen and bold website——**classaction.com**....

64. a.) It doesn't take too much of a stretch of the imagination to surmise that if defendants hypothetically "collected approximately 50,000 potential dispersal plaintiff's, and played the same "Peonage practice of holding them until the Statute of Limitations expired.....such a reality means a minimum of 50,000 persons are potentially members of the proposed Class herein described".——with less than 20 actually litigated about, nationwide.  Apparently, the Conspiracy of this team of defendants has been highly successful.

65.) All this charade is merely meant to dupe the highly stressed and potential Risperdal plaintiff's into compliance, and place them in an unlawful "holding pattern", for years,——merely to destroy their right to go to court due to the Attorney-created "Statute of Limitation Defense" problem——which is totally

self-created by this unholy alliance of **Morgan & Morgan—Arnold & Itkin—Meyer Blair-Sheller P.C. & Stine Specter—(See: Exhibit L).**

66.) For example,

a.) **Morgan & Morgan** boasts of <u>20,000</u> Risperdal lawsuits—<u>yet has litigated none.</u>

b.) **Arnold & Itkin** boasts about over <u>11,000</u> Risperdal Plaintiff's , yet, has only litigated less than **(4)** four Risperdal Cases.

c.) **Meyer Blair** claims to be involved in over <u>1000</u> Risperdal cases, yet, they have neither filed <u>nor litigated one single Risperdal claim.</u>

d.) **Sheller, P.C.** claimed to possess over <u>8,000</u> potential Risperdal Plaintiffs, but has only litigated less than **(5)** five Risperdal cases.

e.) **Stine & Specter** claimed <u>1000's</u> of potential Risperdal plaintiffs were long ago turned over to the Arnold & Itkin alliance they created by contract——when Stine & Specter has only litigated less than **(5)** **five** Risperdal actions themselves.

67.) It thus becomes crystal clear that not only this Plaintiff, but the other thousands upon thousands of *"Potential Risperdal Plaintiff's"* "collected" by the defendants ruthless websites have also fallen victim to the scheme of holding African American and other races in <u>Peonage</u> with such a <u>Conspiracy</u> to violate Constitutional Rights being herein complained of, merely to keep these persons out of court.

68.) Those literal thousands of <u>legally abused peons</u> are also <u>Potential Risperdal Plaintiffs</u> and should definitely be termed members of the soon to be proposed Class of persons seeking relief pursuant to ***Fed. R. Of Civ. P. Rule 23(a)***, since the

same methods of "capturing" such "peons" or "Potential Risperdal Plaintiff's" was employed nationwide and worldwide, by way of the Internet and perpetuated by these modern-day slavery sympathizers, so all class members have the same issues in common.

69.) More specifically, *42 U.S.C. 1985(2)* is directed towards Obstruction of Justice, Intimidating a party, a Witness or a Juror. Plaintiff hereby re-states, in pertinent part of *42 U.S.C. 1985(2)*, that the named defendants, in Conspiring to keep "Potential Risperdal Plaintiff's from Court" by merely "collecting them" and "holding them" and controlling the destiny of their cases by "forcing" the Statutes of Limitations to expire, are instantly implicated as violators of *42 U.S.C. 1985(2)* —which declares in pertinent part:

*…..or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;*

70. The Plaintiff(s) hereby claim damages under *42 U.S.C. 1985(2)* due to the quasi-successful efforts of defendants in effectively "holding all potential plaintiff's at bay until the statutes of limitations had expired".

71.) Furthermore, not only was the purpose of the Conspiracy to "prevent potential Risperdal Plaintiffs from going to Court", there is evidence of "two or more persons conspiring" to do so, via the Kline/Spector Contractual Alliance with Arnold & Itkin—Sheller and Meyer Blair——and such a fact implicates the defendants in violations of *42 U.S.C. 1985(3).*

72.) Since Morgan & Morgan, Arnold & Itkin, Meyer Blair, The Sheller, P.C. Law Firm and Stone & Spector are all alleged to be persons who have allegedly—gone in disguise on the highway or on the premises of another, for purposes of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, they are all implicated in violations of *42 U.S.C. 1985(3)*.

73.) Plaintiff(s) claim damages pursuant to *42 U.S.C. 1985(2) & 42 U.S.C. 1985(3)* for the injuries described above against the above named defendants for intentional violations of Constitutional conscriptions against Involuntary Servitude.

## COUNT FOUR AGAINST ARNOLD & ITKIN FOR CONSTRUCTIVE FRAUD

74.) Against Arnold & Itkin, Plaintiff re-alleges and incorporates by reference paragraphs 1 through 73, and further states:

75.) Under contract law, the Law Firm of Arnold & Itkin is implicated in perpetrating a "Constructive Fraud against this Plaintiff and others, due to the false representation in the Contract, which declared it was based upon "prosecution" of a particular case.  Such a representation was false, since Arnold & Itkin never died suit, like they said they would in the Contract. *(See: Exhibit A)*.  The material fact in question is undoubtedly a "Risperdal Litigation", as implied by the contract.

76.) Arnold & Itkin made the false representations merely for the purposes of placing Plaintiff(s) "on hold" until the statutes of limitations expired——utilizing

"carrot on a stick" theories by claiming "aggregated settlement" was imminent, causing Plaintiff to rely upon such false claims. *(See: Exhibit B-1)*. Such reliance caused Plaintiff damages and injuries and the Law Firm of Arnold & Itkin  indeed held a "fiduciary duty" or "fiducuary relationship" with Plaintiff.

77.) Plaintiff(s) claim damages and injuries due to the intentional "Constructive Fraud" as illustrated above.

## COUNT FIVE—AGAINST ARNOLD & ITKIN FOR INTENTIONAL BREACH OF FIDUCIARY DUTIES AND RELATIONSHIP

78.) Against Arnold & Itkin, Plaintiff re-alleges and incorporates by reference paragraphs 1 through 60, and hereby further states:

79.) The law firm of Arnold & Itkin is implicated in intentional violations of it's Fiduciary duties to this Plaintiff and any other "Potential Risperdal Plaintiff's" abused in the herein complained of manner by Arnold & Itkin, under theories of "Deepening Insolvency Liability".

80.) The law firm of Arnold & Itkin had utterly no right or justification to fail to speak to or otherwise communicate with a client for over (3) three years, while full knowing the Statutes of Limitations had expired by the time Arnold & Itkin finally did decide to speak with this Plaintiff/client, long after the Statutes of Limitations had expired.

81.) Arnold & Itkin, for reasons unknown, decided to intentionally allow the statutes of limitations to lapse to the detriment of the rights of myriad persons.

Among the fiduciary duties imposed on agents like Arnold & Itkin as fiduciaries are the duty of <u>full disclosure, loyalty,</u> and <u>faithfulness to the principals.</u> Such duties have been breached by the intentional failure to protect rights of it's clients.

82.) Plaintiff claims damages against Arnold & Itkin for intentional breaches of it's Fiduciary duties to it's clients.

## COUNT SIX- AGAINST ARNOLD & ITKIN—MORGAN & MORGAN—MEYER BLAIR—SHELLER P.C.—& STINE & SPECTER—FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

83.) Against the law firms of Arnold & Itkin, Morgan & Morgan, Sheller P.C., Meyer Blair & Stine & Specter, Plaintiff(s) re-allege and incorporates by reference, paragraphs 1 through 82 and hereby further states the following:

84.) The above named defendants are implicated as being the proximate cause of Intentional Inflictions of Emotional Distress of myriad persons known as "Potential Risperdal Plaintiff's", all while Conspiring to violate the 13th Amendment and peonage Statutes, based upon a pure discriminatory and race/ disability based animus that obliterated the rights of such persons to be free from "Involuntary Servitude" and Discrimination in the Right to fairly Contract for services.

85.) The bold and high-handed acts of the above named defendants did much more than "hold the plaintiff's at bay until their statutes of limitations had expired". These actions also prevented the parents of the damaged Risperdal children their Constitutional Right to Control the upbringing of their own children.

86.) Aside from this, the forced institution of Peonage upon unsuspecting persons is abominable and abhorrent in a civilized society.  Contracts are instantly drummed up with no consideration and without "perfect freedom", but based upon internet marketing results.   Thereby "forcing" unsuspecting persons to be "held" by attorneys until such time as the Statutes of Limitations have expired for that particular cause of action.  This is <u>Involuntary Servitude,</u> and also Intentional Infliction of Emotional Distress upon thousands of unsuspecting persons.

87.) It is believed the actions of the defendants in designing the scheme for "involuntary servitude" and "peonage" in modern days, was designed with willful and wanton intent to destroy the rights of Constitutionally protected African American persons, as well as any other race of persons falling within the category of 'Potential Risperdal Plaintiff's".

88.) Plaintiff(s) claim damages pursuant to defendants "Intentional Infliction of Emotional Distress" upon countless persons, with willful and wanton intent and reckless indifference to the Constitutional rights of United States Citizens.

### COUNT SEVEN- AGAINST ARNOLD & ITKIN, MEYER BLAIR, SHELLER, P.C., STINE & SPECTER & MORGAN & MORGAN— ALLEGED VIOLATION OF FUNDAMENTAL CONSTITUTIONAL RIGHT TO CONTROL AND MANAGE THE UPBRINGING OF THEIR OWN MINOR CHILDREN

89.) Against the law firms of Arnold & Itkin, Meyer Blair, Morgan & Morgan, the Sheller, P.C., & Stine & Specter, Plaintiff(s) re-allege and incorporates by reference, paragraphs 1 through 88, and further states and alleges:

90.) During the massive Internet campaigns designed to "Collect Potential Risperdal Plaintiff's", the children affected by Risperdal were never targeted per se. Instead, it is their parents who bear the brunt of the attack upon human decency and law by the policy of "holding" Parents in years long limbo until the Statutes of Limitations expires——while the children of these parents conditions worsens and metastasizes into irreparable and lifelong damages. All parents can do in such a situation is increase the use of other dangerous medications and experiment on what might bring their child any temporary forms of relief.

91.) Such a reality is caused by the greed of the defendants, who only cares about their bottom line which is "How can we destroy the rights of thousands of Potential Risperdal Plaintiff's, at whatever the cost". Unfortunately, the cost is extremely high. It is indeed parents who own the right to manage the care and upbringing of their minor children, and not the insensitive objectives of a Morgan & Morgan Ad Campaign or an overzealous Meyer Blair wholly spoke to Plaintiff (once).

92.) Plaintiff's claim damages against Arnold & Itkin, Morgan, Sheller, P.C. Stine & Specter and Meyer Blair, for intentionally failing to allow Parents their Fundamental Right to manage and control the upbringing of their minor children.

## PRAYER FOR RELIEF

### Wherefore, Plaintiff(s) Respectfully Prays That:

93.) This Honorable Court , upon filing of this Complaint, notify the Chief Judge of this Circuit as required by **28 U.S.C. 2284**, so that the Chief Judge may designate two other judges to serve as members of a three judge court, as required by **28 U.S.C. 2281**, to hear and determine this action.

94.) Plaintiff furthermore prays that this Honorable Court enter a judgment or other decree declaring the policy, custom or business practice of "collecting potential plaintiff's" for any drug, violates Due Process unless a definite Class has been identified and is at issue, since such a practice empowers potential defendants to destroy a parties statute of limitations rights unless a class action is at issue.

95.) Plaintiff furthermore prays that this Honorable Court enter a decree or judgment declaring that the system, policy or custom of Attorneys soliciting potential plaintiff's without there being a true class action at issue, is unlawful and unconstitutional, since it empowers defendants to collect unsuspecting persons and spoil their statute of limitations rights on a whim.

96.) Plaintiff(s) hereby request this Honorable Court to Permanently Enjoin Attorneys or any other person from advertising concerning any medical conditions whatsoever, unless such advertisement is directly involved with a well defined class of persons relevant to the condition and justified by reaching such persons by Internet, or such Attorneys are going to be the Attorneys of record in such Class Actions.

97.) Pursuant to the Civil Remedies provided by **18 U.S.C. 1595,** Plaintiff's seek an accounting of damages and a reasonable attorneys fee.  Because it is alleged that violations and <u>recruitment</u> <u>conspiracies</u> occurred in conjunction with and under **1581, 1583, 1584, 1589, 1590, or 1591,** the relief should be based upon a completed act of violating such statutes, jointly and collectively, and a hearing held to determine the scope of damages and the triplicate and punitive damage amounts for each proposed class member versus the liability and culpability of each defendant.

98.) Plaintiff also seeks restitution for himself as well as his child who was badly damaged by the conspiracy, the "holding" and the devastating effects and magnitude of such a crime, as well as violations of Peonage Statutes. Because the gravamen of this action is based upon the mere "recruitment", of "Potential Risperdal Plaintiff's, by "Attorneys" to obtain and collect persons to serve as peons, the relief should be based upon such aggravated damages due to such recruitment efforts to Conspire against the 13th Amendment to the United States Constitution.

99.) For the Intentional Infliction of Emotional Distress, damages should be punitive and trebled due to the aggravated and invidious nature of this crime, the manner in which Attorneys at Law ignored the needs of Parents and Children, for discriminatory purposes, and because it covers a parent and their Children, and because the Plaintiffs were placed in the same emotional state as in the days of chattel slavery.

100.) The named law firms and their principle attorneys, in their zeal to totally exclude persons considered *"Potential Risperdal Plaintiff's",* many of whom are African American and other races, have violated the very foundations of the U.S.Constitution by acts so reckless and so outrageous, that they should be outlawed in any civilized society.

101.) Currently, the damages and injuries caused by such high-handed infliction of emotional distress has not been before this Court. Although Plaintiff has not suffered any "impacted injuries physically" from defendants actions, the Invasion of Plaintiff's Privacy coupled with this charge of emotional distress will suffice, since such complained of actions of defendants are willful and wanton.

102.) Likewise, damages punitive and trebled should be applied after a hearing to determine the fair amount of damages for violating a parents right to control the care and upbringing of their minor children—to contract and to sue in court. This special cadre of defendants are the proximate cause of the issues related herein, and as such, appear to be the "mere residue" of persons still humanly capable of such gargantuan feats of actions fully reminiscent of Slavery and Involuntary Servitude, while actually living during the 21st Century's 13th Amendment Constitutional Jurisprudence.

103.) Pursuant to the 13th Amendment, Plaintiff seeks Declaratory Relief declaring that "collecting potential Risperdal or any other drugs Potential Plaintiff's is unconstitutional without Class identification and protection", and that it is unconstitutional, unethical and a failure of due process provisions both substantively and procedurally, for any attorney to fail to speak to his client until after the statute of limitations has run, and to fail to file suit when such attorney is bound contractually to do so.

104.) Plaintiff seeks damages both punitive and trebled for the Constructive Fraud ——the Breach of Fiduciary Duties and for Conspiracy to attempt to violate the 13th Amendment proscriptions against "Involuntary Servitude"—due to the high-handed attempts of defendants to re-institute chattel slavery.

105.) Pursuant to **42 U.S.C. 1985(2) & (3)**, the depths and scope of this conspiracy, coupled with attempts to keep thousands of people from the courthouse, should be met with an appropriate sanction to deter such conduct in the future, and for any other and further relief this Honorable Court deems just and proper.

Respectfully Submitted

Robert R. Prunty
427 W. Hickory Street
Arcadia, Florida 34266
mrmodady@dcemail.com
(863)991-5195

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury, that a true and correct copy of the foregoing was served upon the below named entities and individuals by personal service and certified mail, according to FRCP Rule 4, on or about September ____6th____ 2017


1.) United States District Courthouse
For Myers Division % Clerk's Office 2nd Floor
2110 First Street
Fort Myers, Florida 33901

2.) Arnold & Itkin, et al. % Mr. Jason Itkin &
Mr. Kurt Arnold, Attorneys at Law
6009 Memorial Dr
Houston, Texas, TX 77007-
(713) 222-3800

3.) The Meyer Blair Law Firm,
LLP, et al., % Attorneys Jeffrey Meyer &
Avram Blair, 6363 Woodway Drive,
Suite 705, Houston, Texas 77057-:
(800) 610-2197;

4.) Morgan & Morgan, LLP,
% Mr. John Morgan, 20 North Orange Ave,

Suite 1600, Orlando, FL 32801, (888) 715 8190;

5.) Sheller, P.C., ℅ Mr. Stephen A. Sheller
1528 Walnut St, Philadelphia, PA 19102
215-790-7300;

6.) Kline & Specter, ℅ Mr. Shanin Specter
& Mr. Tom Kline LLP,
1525 Locust Street, Philadelphia, Pa. 19102,
215-772-1000