UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT R. PRUNTY, and others
similarly situated,

   Plaintiff,

v.            Case No: 2:17-cv-506-FtM-99CM

ARNOLD & ITKIN LLP, THE MEYER
BLAIR LAW FIRM LLP et al.,
MORGAN & MORGAN LLP,
SHELLER PC and KLINE &
SPECTER, P.C.,

   Defendants.
_____/

# OPINION AND ORDER[1]

This matter comes before the Court on Defendants' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 8(a) (Doc. 19) filed on November 7, 2017. Plaintiff *pro se* Robert R. Prunty, filed a Response in Opposition (Doc. 21) on November 14, 2017. For the reasons set forth below, the Motion is granted.

## BACKGROUND

Plaintiff, who is African-American, brings this case against eight attorneys regarding their alleged mistreatment of his product liability claims against the pharmaceutical manufacturer of Risperdal for personal injuries suffered by his minor son.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Prunty alleges that subject matter jurisdiction is based on diversity of citizenship and federal question. The basis of his allegations are that Defendants conspired to deprive him of his Constitutional rights to be free from involuntary servitude, the right to control the upbringing of his children, and the right to be free from contract manipulation. (Doc. 13, ¶ 26). Plaintiff believes that because Defendants held his Risperdal claims in "legal captivity" for three years, ultimately deciding not to file a lawsuit on his behalf, the statute of limitations on his claims expired.[2] Plaintiff alleges that Defendants willfully and knowingly collected large numbers of Risperdal plaintiffs in order to destroy their legal cases and deny them access to the courts, violating peonage statutes. (*Id.* at ¶¶ 36, 42, 51).

Plaintiff has amended his Complaint once as a matter of course, asserting nine counts. (Doc. 13). Despite the labels applied in the Amended Complaint, the Court construes Counts 1, 2, 3, 4, 5, and 9 as asserting claims pursuant to 42 U.S.C. § 1985(2) and (3), as many of the claims are duplicative and essentially make the same allegations throughout. Counts 6, 7, and 8 are common law claims for intentional infliction of emotional distress, constructive fraud, and breach of fiduciary duty.

---

[2] Plaintiff states:

> Plaintiff claims damages against the above named defendants for their conspiracy to violate the 13th Amendment by holding Plaintiff for a set amount of time, and under the 40% debt merely so Plaintiff and others could serve their unlawful objectives and purposes "involuntarily", and such actions of defendants were wholly intentional and meant to harm this Plaintiff and others.

(Doc. 13, ¶ 32).

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8, a plaintiff is required to provide a short and plain statement of the claim showing entitlement to relief. Fed. R. Civ. P. 8(a)(2). Although the complaint need not make detailed factual allegations, it must provide more than labels, conclusions, and formulaic recitations of the elements of the cause of action. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). What is more, a plaintiff alleging fraud, like here, must go one-step further and "state with particularity the circumstances constitute fraud or mistake." Fed. R. Civ. P. 9(b). A pleading thus satisfies satisfy Rule 9(b) if it alleges

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making it (or, in the case of omission, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants "obtained as consequence of the fraud."

*Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997) (citations omitted).

At the pleading stage, Rules 8 and 9 are read in conjunction with Federal Rule of Civil Procedure 12(b)(6). When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the reviewing court must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But this preferential standard of review does not permit all pleadings adorned with facts to survive to the next stage of litigation. The Supreme Court has been clear on this point – a district court should dismiss a claim where a party fails to plead facts that make the claim facially plausible. *See Twombly,* 550 U.S. at 570.

A claim is facially plausible when the court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

## DISCUSSION

While the Court is mindful that *pro se* complaints are to be held to a less stringent standard than those drafted by an attorney, *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986), the Court agrees with Defendants that Plaintiff's Amended Complaint is a shotgun complaint and must be dismissed. *See* Doc. 13, ¶¶ 33, 40, 55, 59, 66, 71, 78, 83. A shotgun complaint "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts ... contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002).

> [I]f tolerated, [shotgun pleadings] harm the court by impeding its ability to administer justice. The time a court spends managing litigation framed by shotgun pleadings should be devoted to other cases waiting to be heard. Wasting scarce judicial and parajudicial resources impedes the due administration of justice and, in a very real sense, amounts to obstruction of justice.

*Byrne v Nezhat*, 261 F.3d 1075 (11th Cir. 2001) *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008) (internal punctuation omitted). Consequently, the Eleventh Circuit has "roundly, repeatedly, and consistently condemn[ed]" them. *Davis v. Coca—Cola Bottling Co. Consol.*, 516 F.3d 955, 979 (11th Cir. 2008). When faced with a shotgun complaint, the Eleventh Circuit encourages

4

"courts to demand repleading." Bailey v. Janssen Pharmaceutica, Inc., 288 F. App'x 597, 603 (11th Cir. 2008) (citations omitted).

Moreover, in a case with multiple defendants such as this, the complaint should contain specific allegations with respect to each defendant; generalized allegations "lumping" multiple defendants together are insufficient to permit the defendants, or the court, to ascertain exactly what plaintiff is claiming. See *West Coast Roofing and Waterproofing, Inc. v. Johns Manville, Inc.*, 287 F. App'x 81, 86 (11th Cir. 2008) (citing *Ambrosia Coal & Const. Co. v. Pages Morales*, 482 F.3d 1309, 1317 (11th Cir. 2007) and *Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1381 (11th Cir. 1997)).

Therefore, the Amended Complaint will be dismissed on this basis and the Court will allow Plaintiff **one last opportunity** to amend his complaint. Any amended complaint should clearly set forth which Counts are brought against which Defendants, and not incorporate all antecedent counts. Furthermore, the Court takes this opportunity to inform Plaintiff that it maintains serious doubt as to the viability of Plaintiff's conspiracy claims under 42 U.S.C. § 1985. Section 1985 provides relief from three types of conspiracies: (1) a conspiracy to prevent a person from holding public office or discharging the duties of that office; (2) a conspiracy to intimidate or deter a party or witness in court; and (3) a conspiracy to deprive a person of rights, privileges, and the equal protection of the laws. 42 U.S.C. § 1985(1)–(3). "In civil rights and conspiracy actions, conclusory, vague, and general allegations of conspiracy may justify dismissal of a complaint." *Raske v. Dugger*, 819 F. Supp. 1046, 1053 (M.D. Fla. 1993). Plaintiff must allege concrete facts from which the Court can infer that an agreement existed among the Defendants to deprive Plaintiff

of some protected right. Plaintiff cannot conclusively allege that Defendants engaged in a conspiracy to deprive Plaintiff of his rights because of his race.

On a final note, the Court observes that the caption of Plaintiff's Amended Complaint names the law firms as Defendants (along with some of the attorneys), but in the body of Plaintiff's Amended Complaint names the individual attorneys by name as the only Defendants under the heading "Parties." Pursuant to Federal Rule of Civil Procedure 10(a), a case caption must name all of parties to a suit. If Plaintiff wishes to bring suit against a defendant, he must list them in the caption and include a factual basis against each which entitles him to relief.[3]

Accordingly, it is now

**ORDERED:**

(1) Morgan & Morgan Complex Litigation Group, LLC's Motion to Dismiss as Party Defendant (Doc. 15) is **DENIED**. This law firm does not appear to be a named defendant in the Amended Complaint; therefore, dismissal is unnecessary.

(2) Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 18) is **DENIED as moot**.

(3) Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 8(a) (Doc. 19) is **GRANTED**. Plaintiff's Amended Complaint (Doc. 13) is dismissed without prejudice to refiling a Second Amended Complaint on or before **December 20, 2017**. Failure to file a Second Amended Complaint by this date will result in this matter being closed. Any

---

[3] If Plaintiff chooses to file a Second Amended Complaint and continues to name the same non-resident Defendants, Defendants may re-file their Motion to Dismiss for Lack of Personal Jurisdiction. (Doc. 18).

arguments regarding failure to state a claim are not addressed at this time, pending the filing of a Second Amended Complaint.

    (4)    Plaintiff's Motion for Judgment on the Pleadings (Doc. 20) is **DENIED as moot**.

    (5)    Plaintiff's Motion for Summary Judgment (Doc. 26) is **DENIED as moot**.

**DONE** and **ORDERED** in Fort Myers, Florida this 1st day of December, 2017.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record