UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT R. PRUNTY,

    Plaintiff,

v.                                                    Case No: 2:17-cv-506-FtM-99CM

JASON ITKIN, KURT ARNOLD,
AVRAM BLAIR, JEFFREY MEYER,
JOHN BRYAN MORGAN, STEPHEN
SHELLER, SHANNIN SPECTER,
and TOM KLINE,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

      This matter comes before the Court on two Motions to Dismiss – one for Lack of Personal Jurisdiction and one for Failure to State a Claim filed by Defendants Jason Itkin, Kurt Arnold, Avram Blair, Jeffrey Meyer, Stephen Sheller, Shannin Specter, and Tom Kline. (Doc. 38, Doc. 39). Plaintiff *pro se* Robert R. Prunty filed Responses in Opposition and supporting documents (Doc. 47, Doc. 48) on January 24, 2018. For the reasons set forth below, this case is dismissed for lack of personal jurisdiction over Defendants Jason Itkin, Kurt Arnold, Avram Blair, Jeffrey Meyer, Stephen Sheller, Shannin Specter, and Tom Kline; and for failure to state a claim against Defendant John Bryan Morgan.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

## BACKGROUND

Plaintiff, who is African-American, brings this case against eight attorneys regarding their alleged mishandling of his products liability claims against the pharmaceutical manufacturer of the drug Risperdal for personal injuries suffered by his minor son. Plaintiff amended his Complaint once as a matter of course, asserting nine counts. (Doc. 13). On December 1, 2017, the Court dismissed the Amended Complaint because it was a shotgun pleading, with leave to amend. (Doc. 33). In that Opinion and Order, the Court informed Plaintiff it would allow him one last opportunity to amend, and noted that the Court maintained serious doubt on the viability of Plaintiff's conspiracy claims under 42 U.S.C. § 1985. (*Id.* at 5). The Court informed Plaintiff he must allege concrete facts from which the Court can infer that an agreement existed among the Defendants to deprive Plaintiff of some protected right. The Court noted that Plaintiff cannot conclusively allege that Defendants engaged in a conspiracy to deprive Plaintiff of his rights because of his race, without further detailed allegations. (*Id.*)

Prunty filed a Second Amended Complaint for Peonage Recruitment, Peonage, Involuntary Servitude; Conspiracy to Violate the 13th Amendment & 42 U.S.C. 1985(2) and (3), and Material and Intentional Breach of Contract (Doc. 35) on December 20, 2017. Prunty states that subject matter jurisdiction is based on federal question. Plaintiff alleges that in or about August 2013, he viewed ads produced by the law firm of John Morgan, regarding the drug Risperdal and the pending and potential lawsuits connected with the drug. (*Id.* at ¶ 14). Plaintiff contacted the Morgan law firm[2], and the firm obtained lab tests and other data about Plaintiff's son's conditions. (*Id.* at ¶ 16). In October 2013,

---

[2] Attorney John Bryan Morgan has not yet been served with the Second Amended Complaint.

Plaintiff was informed that the Morgan law firm would no longer represent Plaintiff, but that they would try to locate a law firm that could. (*Id.* at ¶ 17). Plaintiff then received a call from the Meyer Blair law firm, and Plaintiff signed a contract in October 2013 with that firm for representation. (*Id.*; Doc. 35-9).

Plaintiff alleges that he was not contacted by any attorney again until 2016, when the law firm of Arnold & Irkin contacted him, requesting more medical information. (Doc. 35, ¶ 19). Plaintiff was then informed there might be an aggregate settlement of the Risperdal claims and Plaintiff was instructed to send additional information. (*Id.* at ¶ 20-22). In 2017, Plaintiff was informed by Defendant Itkin that a lawsuit was never filed on his behalf, and Plaintiff was asked whether he still wanted to sue. (*Id.* at ¶ 22).

Plaintiff believes that Defendants' failure to sue breached their contract. (Doc. 35, ¶ 23(j)). The basis of Plaintiff's allegations are that Defendants conspired to deprive him of his Constitutional right of access to the court, violating peonage statutes by holding Plaintiff in involuntary servitude under a years-long contract subjecting him to involuntary servitude. (*Id.* at ¶ 44). Plaintiff states that Defendants collected Risperdal claims to intentionally destroy all possible lawsuits against the drug makers, knowing they would never file the lawsuit, allowing the statute of limitations to expire. (*Id.* at ¶ 27). Plaintiff believes that the Defendant attorneys formed a "National Risperdal Litigation Team" for the "express purpose of destroying the rights of African American persons or any person falling within the class" to litigate their Risperdal claims. (*Id.* at ¶¶ 41, 59). Plaintiff alleges this was done by illegal "holding and psychological coercion applied by the attorney defendants upon unsuspecting persons" to support the financial interests of doctors and drug makers, not the actual clients. (*Id.* at ¶¶ 28-29). Plaintiff alleges that over 50,000

potential Risperdal cases were "gotten rid of" by Defendants because of the race and class of the potential claimants. (*Id.* at ¶ 60).

Plaintiff's Second Amended Complaint (Doc. 35) alleges these seven counts:

**(1)** Material Breach of Contract for failure to Prosecute Risperdal Claim v. Defendants Itkin, Arnold, Blair, and Meyer;

**(2)** Recruitment for Peonage Purposes v. John Morgan;

**(3)** Conspiracy to Intentionally Violate Plaintiff's 13th Amendment Right to be Free from Involuntary Servitude Pursuant to 42 U.S.C. § 1985(3) v. all Defendants;

**(4)** Abuse of Process Pursuant to Underlying Conspiracy to Obstruct the Due Course of Justice Pursuant to 42 U.S.C. § 1985(2) v. all Defendants;

**(5)** Peonage v. all Defendants;

**(6)** Forced Labor of Service v. all Defendants;

**(7)** Involuntary Servitude v. all Defendants

The Non-Resident Defendants, Jason Itkin, Kurt Arnold, Avram Blair, Jeffrey Meyer, Stephen Sheller, Shannin Specter, and Tom Kline (hereinafter "Non-Resident Defendants"), move to dismiss this case for lack of personal jurisdiction (Doc. 38) and failure to state a claim (Doc. 39). The Court considers the jurisdictional issue first as a court without personal jurisdiction is powerless to take further action. *See Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214, n.6 (11th Cir. 1999).

## DISCUSSION

**I.      Personal Jurisdiction**

When ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2), the Court must conduct a "two-step inquiry when determining whether the exercise of personal jurisdiction over a nonresident defendant is proper." *Thomas v. Brown*, 504 F. App'x 845, 847 (11th Cir. 2013) (citing H*orizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1166 (11th Cir. 2005)). The Court first determines whether defendant's activities satisfy the Florida long-arm statute, and if so, whether the extension of jurisdiction comports with the due process requirements of the Fourteenth Amendment of the United States Constitution. *See Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002). "A federal district court in Florida may exercise personal jurisdiction over a nonresident defendant to the same extent that a Florida court may, so long as the exercise is consistent with federal due process requirements. If both Florida law and the United States Constitution permit, the federal district may exercise jurisdiction over the nonresident defendant." *Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008) (internal citation omitted). The plaintiff "bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). The Non-Resident Defendants assert that neither component of this standard is satisfied.

### A. Florida Long Arm Statute

Plaintiff has not been very clear on which portions of the Florida "long arm" statute he relies upon for the assertion of personal jurisdiction. Plaintiff's Response (Doc. 47) alleges that the Non-Resident Defendants solicited Florida residents to enter contracts, and caused injury in the state, and the Second Amended Complaint states that Defendants are "known to also advertise for clients via the Internet, which also reaches

5

Florida residents." (Doc. 35, ¶¶ 3-9). Thus, the only seemingly relevant portions of the Florida Long Arm Statute relate to specific jurisdiction[3] that could apply to the legal malpractice cause of action provide:

> (1)(a) A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
>
> 1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
>
> 2. Committing a tortious act within this state.
>
> …

Fla. Stat. §§ 48.193(1)(a)(1),(2).

### 1. Fla. Stat. § 48.193(1)(a)(1): Business or Business Venture in Florida

"In order to establish that a defendant is carrying on [a] business for the purposes of the long-arm statute, the activities of the defendant must be considered collectively and show a general course of business activity in the state for pecuniary benefit." *Horizon*, 421 F.3d at 1167 (quoting *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000)). "[E]ngaging in a single act for profit can amount to a business venture," *Labbee v. Harrington*, 913 So. 2d 679, 683 (Fla. 3d DCA 2005) (citing *Wm. E. Strasser Constr. v. Linn*, 97 So. 2d 458, 460 (Fla. 1957)), but not every gainful transaction involving a Florida resident amounts to a business venture. *See Walack v. Worldwide Machinery Sales, Inc.*, 278 F. Supp. 2d 1358, 1366 (M.D. Fla. 2003). Some

---

[3] Any allegation of general jurisdiction would fail. Plaintiff has clearly not satisfied the standard for such all-purpose jurisdiction over a non-Florida citizen. *Wolf v. Celebrity Cruises, Inc.*, 683 F. App'x 786, 791-92 (11th Cir. 2017) (citing cases).

6

factors the Court must consider include the "presence and operation of an office in Florida, [ ] the possession and maintenance of a license to do business in Florida, the number of Florida clients served, and the percentage of overall revenue gleaned from Florida clients." *Horizon*, 421 F.3d at 1167 (internal citations omitted).

The Non-Resident Defendants have submitted their Affidavits. (Doc. 38-1 – 38-7). Each asserts they practice law in Texas and Pennsylvania at law firms whose principal places of business are in Texas and Pennsylvania. None maintain any offices in Florida, have any employees or agents in Florida, they do not receive mail in Florida or have a Florida phone number, do not actively advertise in Florida, and users of their website cannot contact them via their website. None travel to Florida regularly for business or personal matters.

This affidavits shift the burden back to Plaintiff to produce evidence supporting personal jurisdiction. *United Tech. Corp.*, 556 F.3d at 1276. Plaintiff submitted screenshots of pages from the Defendants' websites (Docs. 47-1, 47-2, 47-5, 47-6, 47-7), purporting to show they conduct business throughout the United States and actively solicit customers nationwide. Plaintiff also submitted his Affidavit (Doc. 47-3), stating that the attorneys use the Internet to conduct business in Florida with its residents, and he dealt with defendants from his residence in Florida.

Plaintiff's submission does not refute the Non-Resident Defendants' affidavit assertions, which establish that their activities in Florida do not constitute ongoing or substantial business in Florida. Plaintiff has not met his burden of establishing they are within the reach of this portion of Florida's long-arm statute.

**2. Fla. Stat. § 48.193(1)(a)(2): Committing a Tortious Act in Florida**

7

Section 48.193(1)(a)(2) provides that a defendant "submits himself or herself ... to the jurisdiction of the courts of this state for any cause of action arising from [the defendant's activities] ... [c]ommitting a tortious act within this state." Fla. Stat. § 48.193(1)(a)(2). Physical presence in Florida is not required to commit a tortious act in Florida. *Internet Sols. Corp. v. Marshall*, 39 So. 3d 1201, 1207 (Fla. 2010). The Eleventh Circuit has recognized that "[f]or personal jurisdiction to attach under the 'tortious activity' provision of the Florida long-arm statute, the plaintiff must demonstrate that the non-resident defendant 'committed a substantial aspect of the alleged tort in Florida' by establishing that the activities in Florida 'w[ere] essential to the success of the tort.'" *Id.* at 857 (quoting *Williams Elec. Co. v. Honeywell, Inc.*, 854 F.2d 389, 394 (11th Cir. 1988)). The Eleventh Circuit has held that what is now Fla. Stat. § 48.193(1)(a)(2) "permits jurisdiction over the nonresident defendant who commits a tort outside of the state that causes injury inside the state." *Licciardello*, 544 F.3d at 1283 (citing *Posner*, 178 F.3d at 1216).

Here, the only tort alleged to have occurred is legal malpractice. Plaintiff bases all of his claims on the Non-Resident Defendants' alleged representation of him and his son about a potential Risperdal claim. That representation was controlled by Plaintiff's contract with Meyer Blair LLP and Arnold & Itkin LLP. This contract states that "This agreement is to be performed in Texas . . ." (Doc. 35-9). And none of the nonresident Defendants ever met with Plaintiff in Florida, made court appearances in Florida on Plaintiff's behalf, or conducted any other legal proceeding or action on behalf of Plaintiff in Florida. Because Plaintiff contractually agreed that the performance of his representation occurred in Texas, and because he has alleged no tortious acts (let alone

substantial acts) against the Non-Resident Defendants' outside of their representation under this contract, Plaintiff has failed to allege a substantial aspect of the alleged tort were committed in Florida that would confer jurisdiction on this Court under § 48.193(1)(b).  *See Prentice v. Prentice Colour, Inc.*, 779 F. Supp. 578, 585-86 (M.D. Fla. 1991) (defendants may challenge plaintiff's allegations by affidavits or other competent evidence); *Instrumentacion Ltda. v. Philips Electronics North America Corp.*, 951 So. 2d 1001, 1002 (Fla. 3d DCA 2007) (Florida courts may decide jurisdiction based on evidence put forth by the parties).

Thus, the Court concludes that Plaintiff has not met his burden nor provided sufficient evidence to support a finding of personal jurisdiction under Florida's long arm statute.  As a result, the Court need not determine whether exercising personal jurisdiction over the Non-Resident Defendants comports with Due Process.

## II.     Failure to State a Claim

Because the Court has determined that it lacks personal jurisdiction over the Non-Resident Defendants, the only remaining Defendant is attorney and Florida citizen John Morgan, who the Court would arguably have personal jurisdiction over.  Attorney Morgan has not yet been served with the Second Amended Complaint, and Counts II-VII are brought against him.

A district court may dismiss a complaint *sua sponte* if it is "patently frivolous." *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011).  Under Counts II and V-VII, Plaintiff invokes 18 U.S.C. § 1581, 1584, 1589, and 1590 as his bases for recovery, but these are criminal statutes enacted to combat human trafficking.  If Plaintiff is seeking intervention in a criminal matter, the Court cannot direct or compel the federal prosecution

9

of a case. *Smith v. United States*, 375 F.2d 243, 247 (5th Cir. 1967) ("The discretion of the Attorney General in choosing whether to prosecute or not to prosecute, or to abandon a prosecution already started, is absolute."); *United States v. Cox*, 342 F.2d 167, 171 (5th Cir. 1965) ("Although as a member of the bar, the attorney for the United States is an officer of the court, he is nevertheless an executive official of the Government, and it is as an officer of the executive department that he exercises a discretion as to whether or not there shall be a prosecution in a particular case.").[4]

Although 18 U.S.C. § 1595 – which Plaintiff has not pled or invoked but the Court will construe as such because he is proceeding *pro se*[5] – provides a private cause of action and civil remedy for violations of Chapter 77 (Peonage, Slavery, and Trafficking in Persons), Plaintiff's claims for peonage, involuntary service, and forced labor fail because he has alleged no fact or conduct that would fall under Chapter 77. Specifically, Section 1589(a) provides for punishment of anyone who:

> knowingly provides or obtains the labor or services of a person by any one of, or by any combination of, the following means - (1) by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person; (2) by means of serious harm or threats of serious harm to that person or another person; (3) by means of the abuse or threatened abuse of law or legal process; or (4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint.

---

[4] The Eleventh Circuit Court of Appeals has adopted the case law of the former Fifth Circuit Court of Appeals decided prior to October 1, 1981, as its governing body of precedent. This precedent is binding unless and until overruled or modified by this Court en banc. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209-11 (11th Cir. 1981) (en banc).

[5] A pleading drafted by a party proceeding *pro se* is held to a less stringent standard than one drafted by an attorney, and the Court will construe the documents filed as a complaint and amended complaint liberally. *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015). Nevertheless, "a *pro se* pleading must suggest (even if inartfully) that there is at least some factual support for a claim; it is not enough just to invoke a legal theory devoid of any factual basis." *Id.*

18 U.S.C. § 1589(a). Section 1589(b) likewise creates liability for anyone who:

> knowingly benefits, financially or by receiving anything of value, from participation in a venture which has engaged in the providing or obtaining of labor or services by any of the means described in subsection (a), knowing or in reckless disregard of the fact that the venture has engaged in the providing or obtaining of labor or services by any of such means.

18 U.S.C. § 1589(b).

Plaintiff has failed to allege any compulsory service on his part at the hands of Defendant Morgan. Instead, he bases all of his claims upon the legal services he hired Defendants to perform. And Plaintiff alleges no indebtedness he incurred to any Defendant. Plaintiff states that Morgan employed psychological tactics and coercion to destroy his legal rights, but there are no specific allegations that Morgan used force or threats of force to compel Prunty's compliance with Morgan's nefarious objectives. Plaintiff does not plausibly allege that Morgan threatened Plaintiff. Therefore, the Court finds that Plaintiff's claims against Defendant Morgan under the criminal statutes are patently frivolous and are due to be dismissed. Because Plaintiff has amended his Complaint twice, and any further amendment of these counts would not remedy the deficiencies, the Court finds that any amendment of Counts II and V-VII would be futile.

This leaves only the conspiracy claims against Defendant Morgan (Counts III and IV). A "district court can only dismiss an action on its own motion 'as long as the procedure employed is fair.'" *Tazoe*, 631 F.3d at 1336 (quoting *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006)). "To employ fair procedure, a district court must generally 'provide the plaintiff with notice of its intent to dismiss or an opportunity to respond.'" *Id.* (quoting *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1069 (11th

Cir. 2007)); *see also Jefferson Fourteenth Assocs. v. Wometco de P.R., Inc.*, 695 F.2d 524, 527 (11th Cir. 1983).

Here, the Court informed Plaintiff it maintained serious doubt on the viability of Plaintiff's conspiracy claims under 42 U.S.C. § 1985. (Doc. 33). The Court stated in its previous Opinion that Section 1985 provides relief from three types of conspiracies: (1) a conspiracy to prevent a person from holding public office or discharging the duties of that office; (2) a conspiracy to intimidate or deter a party or witness in court; and (3) a conspiracy to deprive a person of rights, privileges, and the equal protection of the laws. 42 U.S.C. § 1985(1)–(3). (*Id.*) The Court informed Plaintiff that: "In civil rights and conspiracy actions, conclusory, vague, and general allegations of conspiracy may justify dismissal of a complaint." *Raske v. Dugger*, 819 F. Supp. 1046, 1053 (M.D. Fla. 1993). (*Id.*) The Court directed Plaintiff he must allege concrete facts from which the Court can infer that an agreement existed among the Defendants to deprive Plaintiff of some protected right, and that he cannot conclusively allege that Defendants engaged in a conspiracy to deprive Plaintiff of his rights because of his race. (*Id.*) In its previous Opinion, the Court told Plaintiff he would be allowed **one last opportunity** to amend. (*Id.*, emphasis in original).

Plaintiff cites § 1985(2) (Obstructing justice; intimidating party, witness or juror) in Count IV and § 1985(3) (Depriving persons of rights or privileges) in Count III of the Second Amended Complaint. Plaintiff has again failed to allege any facts from which a conspiratorial agreement can be inferred to obstruct justice or deprive Plaintiff of any protected rights or privileges. Rather, the allegations of a conspiracy are based on theories and conjecture about a fantastical scheme to discriminate against African

Americans by depriving them of their day in court, and intentionally destroying any claims they might have through psychological coercion and intimidation. Because the Court provided Plaintiff with notice of its intent to dismiss the conspiracy counts and an opportunity to respond by filing a Second Amended Complaint, Counts III and IV will be dismissed for failure to state a claim.

Accordingly, it is now

**ORDERED:**

(1) Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 38) is **granted**. Counts I, III, IV, V, VI, and VII are dismissed without prejudice for lack of personal jurisdiction.

(2) Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 39) is **denied as moot.**

(3) Counts II-VII as against Defendant John Bryan Morgan are dismissed with prejudice for failure to state a claim.

(4) The Clerk of Court is directed to enter judgment terminate any pending deadlines and remaining motions, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 2nd day of February, 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:
All Parties of Record

13