UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT R. PRUNTY,

    Plaintiff,

v.                                        Case No: 2:17-cv-506-FtM-38CM

JASON ITKIN, KURT ARNOLD,
AVRAM BLAIR, JEFFREY MEYER,
JOHN BRYAN MORGAN, STEPHEN
SHELLER, SHANNIN SPECTER and
TOM KLINE,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on *pro se* Plaintiff Robert J. Prunty's Emergency[2] Motions for Reconsideration under Federal Rules 59 and 60 Due to Fraud Upon the Court and Manifest Error (Doc. 62, Doc. 63) filed on February 13, 2018. The Motions will be denied.

## **BACKGROUND**

On February 2, 2018, the Court dismissed this case for failure to state a claim for Defendant John Bryan Morgan and for lack of personal jurisdiction for the other

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] Plaintiff's Motions present no emergency. If Plaintiff continues to designate motions as such, the Court may deny them summarily with no further consideration.

Defendants. (Doc. 58). The Court entered judgement and closed the case. (Doc. 59). According to Plaintiff, reconsideration is warranted to correct clear error and prevent manifest injustice and continuing injury to his minor son because of Morgan's fraud on the Court and the Court's denial of due process. Plaintiff states that Morgan committed fraud on this Court by failing to respond to the Second Amended Complaint and other Court orders.

**DISCUSSION**

The decision to grant a motion for reconsideration is within the sound discretion of the trial court and may be granted to correct an abuse of discretion. *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993). "The courts have delineated three major grounds justifying reconsideration of such a decision: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). And the Court has the inherent power to assess sanctions for a party's bad-faith conduct, including setting aside judgments for fraud on the court and imposing attorney's fees and costs, independent of statutory or rule provisions. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-50 (1991).

Fraud on the court is defined as "embracing only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication, and relief should be denied in the absence of such conduct." *Securities & Exchange Commission v. ESM Group, Inc.*, 835

F.2d 270, 273 (11th Cir. 1988) (citing *Travelers Indemnity Co. v. Gore*, 761 F.2d 1549, 1551 (11th Cir. 1985)).

Plaintiff argues that the Court erred when it dismissed his claims against Defendant John Morgan with prejudice because Morgan did not respond to the Second Amended Complaint. Plaintiff believes that the Court had no jurisdiction to dismiss Morgan and by doing so denied Plaintiff his right to due process of law and the opportunity to prosecute his case against Morgan.

The Court finds no fraud on the Court and no clear error in the Court's Opinion and Order. As set forth in the Opinion, the Court previously informed Plaintiff it had serious doubt as to the viability of Plaintiff's conspiracy claims under 42 U.S.C. § 1985, which were the only claims brought against Defendant John Morgan. (Doc. 58, p. 12). The Court allowed Plaintiff one last opportunity to amend to correct these deficiencies and Plaintiff failed to do so. That Defendant Morgan did not respond to the Second Amended Complaint is not dispositive because (as cited in the Opinion), a court can dismiss its action on its own motion if it employs a fair procedure by providing Plaintiff with notice and an opportunity to respond. (*Id.* at 11). The Court did so.

Accordingly, it is now

**ORDERED:**

Plaintiff Robert J. Prunty's Emergency Motions for Reconsideration under Federal Rules 59 and 60 Due to Fraud Upon the Court and Manifest Error (Doc. 62, Doc. 63) are **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 13th day of February, 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record